UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL JOHN GIDEON, )<br>)<br>PLAINTIFF )<br>)<br>V. )<br>)<br>DEMATTEO CONSTRUCTION )<br>COMPANY, AND )<br>CARPENTERS LOCAL UNION #108, )<br>)<br>DEFENDANTS ) | Civil Action No.: 04 30162 KPN |

## ANSWER OF DEMATTEO CONSTRUCTION COMPANY

1. The allegations contained in paragraph 1 contain conclusions of law and require no answer.

2. Defendant, DeMatteo Construction Company is without sufficient knowledge to admit or deny the date on which plaintiff removed his complaint from the MCAD. By way of further answer Defendant states that the complaint filed in this action speaks for itself and that no further answer is required.

3. Defendant states that the allegations contained in the complaint speak for themselves and that no further answer is required.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 5.

6. Defendant states that the allegations contained in paragraph 6 contain conclusions of law and require no answer. By way of further answer defendant states that the allegations contained in plaintiff's complaint speak for themselves and require no further answer.

## JURISDICTION AND VENUE

7. The allegations contained in paragraph 7 contain conclusions of law and require no answer.

8. The allegations contained in paragraph 8 contain conclusions of law and require no answer.

9. The allegations contained in paragraph 9 contain conclusions of law and require no answer.

## STATEMENT OF THE CASE

10. The allegations contained in the plaintiff's complaint speak for themselves and no further answer is required.

11. The allegations contained in the plaintiff's complaint speak for themselves and no further answer is required.

12. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 12.

13. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 13.

14. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 14.

15. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant admits that on or about April 21, 2003, Plaintiff was hired by Defendant DeMatteo. Defendant is without sufficient knowledge to admit or deny all other allegations contained in paragraph 17.

18. Defendant admits the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant admits the allegations contained in paragraph 20.

21. Defendant admits the allegations contained in paragraph 21.

22. Defendant admits that Plaintiff was laid off on December 5, 2003. Defendant denies all other allegations contained in paragraph 22.

23. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 23.

24. Allegations contained in paragraph 24 contain conclusions of law and require no answer.

25. Allegations contained in the first sentence of paragraph 25 speak for themselves and require no further answer. Defendant states that it is without sufficient knowledge to admit or deny the allegations contained in the second and third sentences of paragraph 25. Defendant denies all other allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28.I. The allegations contained in the first paragraph of paragraph 28.I are vague and ambiguous and require no answer. Defendant is without sufficient knowledge to admit or deny all other allegations contained in paragraphs 28.I

28.II. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 28.II.

28.III. Defendant denies all allegations contained in paragraph 28.III.

28.IV. Defendant denies the allegations contained in paragraph 28.IV.

28.V. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 28.V.

28.VI. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 18.VI.

28.VII. Defendant denies the allegations contained in the first sentence of paragraph 28.VII. All other allegations contained in paragraph 28.VII are vague and ambiguous and require no answer.

28.VIII. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 28.VIII.

28.IX. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 28.IX.

28.X. Defendant denies the allegations contained in paragraph 28.X.

28.XI.a – g. Allegations contained in paragraph 28.XI.a are vague and ambiguous and require no answer. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 28.XI.g. By way of further answer, Defendant denies all other allegations contained in paragraph 28.XI a- g.

### SHOWING OF PRIMA FACIE CASE

29. Allegations contained in paragraph 29 contain conclusions of law and require no answer.

30. Allegations contained in paragraph 30 contain conclusions of law and require no answer.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The complaint is barred by the applicable statutes of limitations, waiver, estoppel and laches.

### THIRD AFFIRMATIVE DEFENSE

The complaint must be dismissed due to the Plaintiff's failure to exhaust all required administrative procedures.

### FOURTH AFFIRMATIVE DEFENSE

The complaint must be dismissed due to the plaintiffs' failure to comply with the statutory requirements of G.L. c. 151B, G.L. c. 93, and G.L. c. 12.

### FIFTH AFFIRMATIVE DEFENSE

The actions of the defendant were justified by the facts and circumstances of this matter.

### SIXTH AFFIRMATIVE DEFENSE

The defendant is without any legal responsibility in this matter.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages to the plaintiff were caused solely by his own actions and/or negligence.

## EIGHTH AFFIRMATIVE DEFENSE

The complaint must be dismissed due to Plaintiff's failure to comply with all required statutory conditions precedent and subsequent.

## NINTH AFFIRMATIVE DEFENSE

The complaint must be dismissed due to lack of subject matter jurisdiction.

Respectfully submitted,

DEMATTEO CONSTRUCTION COMPANY

By its attorney,

_/s/ Suzanne B Matthews_
Suzanne B Matthews, Esq.
BBO #545284
742 Washington Street
P.O. Box 501
Canton, MA 02021
781-828-0989

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by First Class Mail.
Date: 1/5/04  /s/ Suzanne B. Matthews

Date: January 3, 2004