UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL JOHN GEDEON, | ) |
|     Plaintiff, | ) |
| | )    C.A. NO. 04-30162-KPN |
| v. | ) |
| | ) |
| DEMATTEO CONSTRUCTION COMPANY, | ) |
| and CARPENTERS LOCAL UNION #108, | ) |
|     Defendants. | ) |
| | ) |

**ANSWER OF DEFENDANT CARPENTERS LOCAL UNION NO. 108**

Defendant Carpenters Local Union No. 108 hereby answers the complaint as follows:

1. Admits that plaintiff filed charges with the MCAD on or about April 27, 2004, refers to that document for its content, meaning and effect, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. Admits that plaintiff withdrew his MCAD charge on or about August 20, 2004, and refers to this complaint in this action for its content and meaning and effect, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

3. Refers to the complaint in this action for the object of the lawsuit, and admits that plaintiff if an African-American male, and denies knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 3

4. Admits the allegations set forth in paragraph 4.

5. Denies that Carpenters Local No. 108 is a "company," but admits that it has an office at 29 Oakland Street, Springfield, Massachusetts 01108.

6. Refers to the complaint in this action for its content and meaning, and denies the remaining allegations of paragraph 6.

7. Denies the allegations set forth in paragraph 7.

8. Denies that this Court has subject matter jurisdiction.

9. Admits the venue is proper in this district.

10. Refers to the complaint in this action for its content and meaning, and denies the remaining allegations of paragraph 10.

11. Refers to the complaint in this action for its content and meaning, and denies the remaining allegations of paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Admits that plaintiff filed a charge against Local 108 with the EEOC in 2002, alleges that the EEOC dismissed the charge, and denies the remaining allegations of paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Refers to the EEOC's dismissal letter concerning his 2003 EEOC charge, denies that plaintiff reported to his steward that plaintiff had been the victim of harassment, denies paragraph 25(a) – (d), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26. Denies that plaintiff reported incidents of violence and harassment to his steward Steven Carrington, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26.

27. Denies knowledge or information sufficient to form a belief as tot the

truth of the allegations of paragraph 27.

28. Denies the allegations set forth in paragraph 28 (I) through (VI), denies knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 28(VI); denies that plaintiff placed his name on a layoff sheet, alleges that Local 108 has no record of any contact with plaintiff in December 2003, and admits that Simon James met with plaintiff on or around February 27, 2004 and indicated that he was unaware that plaintiff was looking for work, and denies the remaining allegations of paragraph 28(VIII); admits that Simon James met with plaintiff on or about February 27, 2004 and did not tell plaintiff that he was suspended, and denies the remaining allegations of subparagraph IX; admits that plaintiff complained about an incident of horse play and denies the remaining allegations of subparagraph X; denies knowledge or information sufficient to form a belief as to the truth of the allegations of subparagraph XI(A) – (F), and denies the allegations set forth in subparagraph XI(g).

29. Asserts that no response is required to the material set forth in paragraph 29.

30. Asserts that no response is required to the material set forth in paragraph 30.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim for which relief can be granted.

2. Plaintiff failed to exhaust his administrative remedies.

3. Plaintiffs claims are barred by the applicable statute of limitations.

4. This court lacks subject matter jurisdiction to plaintiff's claims.

    5. Plaintiff failed to comply with the terms of a Settlement Agreement with the EEOC.

    WHEREFORE, plaintiff's complaint should be dismissed in its entirety.

Date: January 21, 2005       Respectfully submitted,

                Christopher N. Souris
                BBO #556343
                KRAKOW & SOURIS, LLC
                225 Friend Street
                Boston, MA 02114
                (617) 723-8440
                Facsimile: (617) 723-8443

                _/s/ Christopher N. Souris_____
                Attorney for defendant Carpenters Local Union No.108


## CERTIFICATE OF SERVICE

  I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be served by first class U.S. mail this 21st day of January, 2005 to Michael Gedeon, 1502 Bay Street, Springfield, MA 01108

                /s/ Christopher N. Souris_____
                Christopher N. Souris