UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Michael J. Gedeon                                         C.A. No. 04-30162-KPN
    *Plaintiff*

v.

DeMatteo Construction Company, and
Carpenters Local Union #108
    *Defendant*

                Plaintiffs Opposition to Defendant Local 108'2
                Motion for Sanctions and to Dismiss

      Now come the Plaintiff Michael J. Gedeon, who is a prose plaintiff in this case and the Defendant is are license attorney in this case.

      The Plaintiff moves respectfully pursuant to rule 26(a)(i) automatic disclosure. The Plaintiff says that the Defendant Local 108 boldly has denied him access to documents that he should get required by the civil rules of procedures, rule 26(a)(i). Plaintiff says defendant Local 108's attorney agreed to copy and give to him on more than one occasion by phone and letter. See letters as exhibits 1 and 2 in Plaintiff's January 30, 2006 motion. To date Plaintiff has not received any documents, therefore; is unable to frame an answer to his request for production of documents and answer to interrogatories. Defendant filed his automatic disclosure since March of 2005 but, to date no documents has come to me.

      Dematteo Construction has complied since March of 2005, see document of automatic disclosure as Exhibit # __/__. Plaintiff and the Defendant appeared before the court on December 15, 2005 for a conference, Defendant brought up the subject that he had not received any response to his discovery request which was served in October of 2005. Now just before entering into court room 3 on that day of December 15, 2005 attorney for the Defendant and myself spoke and discussed the situation while waiting for the other atone to arrive who was about forty-five minutes to one hour late. We had a long talk in the lobby about settling this case, get it behind us and move on. We suggested mediation, when the other attorney arrived I spoke with her, she agreed. During the conference the judge said tot me that I owed him a response and should get it to him, gave us until January 30, 2006, I did not tell the judge that I had not received the disclosure documents from him. I left it at that in trust of the Brother Attorney Souris for

C.A. No. 04-30162-KPN

Local 108. Plaintiff served both Defendants with interrogatory discovery material on November 29,

2005. See certification of service on file. Keep in mind Plaintiff responded to Dematteo's discovery in August of 2005. I never heard back from her, until she sent me production of documents to be answered which she may have forgotten. I replied back "that's done ok".

On January 30th of 2006 I had not yet received documents from either side as we agreed. By 4p.m. I went on and filed my motion to compel, assuming something was not right. I guess I was right, upon reaching home at 5p.m. on January 31, 2006 I received my mail and it was Local 108, the package answer to my discovery, very much insufficient, lacking many answers though Local 108 is a hiring hall, sends its members out to jobs (VY) Vermont Yankee strictly hiring from the union hall no on site solicitation for work. Like Wise, Basketball Hall of Fame job with Peabody Construction and the same thing for all others out there.

The court gave us all six more weeks to complete the discovery, not just me, and they did not have to. Plaintiff needs rule 26(a)(i) documents to frame a genuine response and more over I should have that right to as to 26(a)(i). Defendant Local 108 responded to my discovery material not even six questions were answered out of 25. See response to interrogate and production of documents as Exhibits # _2_ and _3_ not that the Plaintiff steadfastly refuses to do, see the Defendant response to Plaintiff's motion for protective order file August of 2005. Defendant Local 108 answers; Plaintiff has alleged substantially independent factual grounds for liability against each defendant. That response speaks for itself surely it does. Plaintiff needs those documents from Defendant Local 108 boldly refuse to turn over to me to inspect and copy. DeMatteo did why can't you or shouldn't you comply to the civil rule of production 26(a)(i), Defendant evasiveness is fully obstructing the Plaintiff. The Plaintiff is requesting that this court force and order upon both the Defendants to turn over documents response to interrogatories and production. of documents from DeMatteo Construction and Local 108 turn over rule 26(a)(i) documents to Plaintiff full opportunity to conduct a full discovery in which he has not had the chance to. This will not prejudice the Defendant's not reward undue burden or delay on them.

The Defendants have not met their responses to the outstanding written discovery which shall be provided by January 31, 2006. Defendant Local 108 served an insufficient response to discovery on January 31, 2006 which says I will send did not specify when Plaintiff waited and received Defendant Local 108 motions on February 14, 2006 which was filed with the court. On February 9, 2006, fourteen days from January 31, 2006 exactly very evasive tactic used to support his claim for dismissal and for sanctions. Defendant asked Plaintiff to sign a stipulation dated December 7, 2006 and to give to him

C.A. No. 04-30162-KPN

in court when we meet on December 15, 2005, so I did in the lobby still has not received a copy from him. Se stipulation notice as Exhibit # __4__ dated December 7, 2005.

Defendant Local 108 makes it clear on page (2) two, paragraph (2) two of his motion for sanctions base on information I might later receive from Defendant. I might receive.

## Discussion

A complaint is not subject to dismissal if it could support relief under any theory of law.

Whitimsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).

Giving the plaintiff the opportunity to full discovery due process, open discovery to the Plaintiff and preclude the Defendant's from continuing discovery the Plaintiff can assert a new or extreme theory of liability against each Defendant and halt dismissal.

Bell v. Mazza, 394 Mass 176, 183 (1985) New England Insulation Co. v. Genereal Dynamics Corp., 26 Mass app. ct. 28 (1988).

All inferences should be drawn in the Plaintiffs favor and the complaint "is to be construed so as to do substantial justice".

Ourfalian v. Aro MPG Co. 31 Mass app. ct. 294, 296 (1991).

C.A. No. 04-30162-KPN

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss and for sanctions should be denied.

On this date _Feb 23_ of 20~~00~~06

The Plaintiff,

*Michael J. Gedeon* (signature)
Michael J. Gedeon
1502 Bay Street
Springfield, MA 01109
Prose