EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

MICHAEL JOHN GEDEON,            )
                                )
    Plaintiff,                  )
                                )   C.A. NO. 04-30162-KPN
v.                              )
                                )
DEMATTEO CONSTRUCTION COMPANY,  )
and CARPENTERS LOCAL UNION #108,)
                                )
    Defendants.                 )
_____)

## CARPENTERS LOCAL UNION NO. 108's RESPONSE TO FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Carpenters Local Union No. 108 hereby answers plaintiff's request for production of documents as follows:

1. Please provide all documents which the Plaintiff identified in response to the Interrogatories which have been served upon the Defendant.

2. Please provide the notice of termination provided to the Plaintiff.

3. Please provide the Plaintiff's complete personnel file.

4. Please provide the Defendant's Equal Employment Opportunity policy and all documents which the Defendant was required to file with the EEOC between March 2002 and the date of the Plaintiff's termination.

**RESPONSE TO DOCUMENT REQUEST NOS. 1-4.** These document requests appear to be directed to plaintiff's employer, DeMatteo Construction Co., and not to Local 108 and address matters about which Local 108 has no documents.

5. Please provide all documents which the Defendant filed with the Massachusetts Commission Against Discrimination as regards and all complaints filed by the Plaintiff at the MCAD.

**RESPONSE TO DOCUMENT REQUEST NO. 5.** Local 108 will produce copies of all such documents.

6. Please provide any and all inspection reports which the Defendant created as they relate to the Plaintiff's work performance.

**RESPONSE TO DOCUMENT REQUEST NO. 6.** This document request appears to be directed to plaintiff's employer, DeMatteo Construction Co., and not to Local 108 and addresses matters about which Local 108 has no documents.

7. Please provide all written statements obtained by witnesses or individuals with knowledge related to the matters raised in the Plaintiff's Complaint, including any and all statements which were obtained or created to respond to the Plaintiff's charges of discrimination at the Massachusetts Commission Against Discrimination.

**RESPONSE TO DOCUMENT REQUEST NO. 7.** Local 108 has no such documents.

8. Please provide a copy of any and all written disciplinary policies which were in place at the Defendant at the time of any of the Plaintiff's terminations from Defendant.

9. Please provide a copy of any and all harassment policies which were in place at the Defendant during the period of the Plaintiff's employment.

10. Please provide any and all warnings issued and/or delivered by the Defendant to the Plaintiff.

11. Please provide the payroll records of the Plaintiff.

12. Please provide copies of the personal records of any and all carpenters and welders who worked for the Defendant at the same time that the Plaintiff was employed with the Defendant.

13. Please provide any and all documents which identifies specific work completed by employees other than the Plaintiff but who worked at the same job site as the Plaintiff at the same time.

14. Please provide the personnel records of all employees of the Defendant who the Defendant charged with misconduct from January 1, 2000 to the present date.

15. Please provide any and all notes, correspondence, memorandum or other documents that relate or refer to the Defendant's employees which charge the Defendant with any unlawful employment practices or discriminatory employment practices.

**RESPONSE TO DOCUMENT REQUEST NOS. 8-15.** These document requests appear to be directed to plaintiff's employer, DeMatteo Construction Co., and not to Local 108 and address matters about which Local 108 has no documents.

2

16. Please provide any and all notes, letters, correspondence sent to Local Union #108 to Simon James requesting minority help from

**RESPONSE TO DOCUMENT REQUEST NO. 16.**   Local 108 occasionally receives such correspondence from contractors but does not keep them and has no record indicating whether it received any such correspondence from Defendant DeMatteo Construction Co.

17. Please provide any and all documents which identifies specific work completed by the Plaintiff.

18. Please provide any and all documents which identifies specific work completed by employees other than the Plaintiff but who worked at the same job site as the Plaintiff at the same time.

19. Please provide the personnel records of all employees of the Defendant who the Defendant charged with misconduct from January 1, 2000 to the present date.

20. Please provide any and all notes, correspondence, memorandum or other documents that relate or refer to the Defendant's employees which charge the Defendant with any unlawful employment practices or discriminatory employment practices.

**RESPONSE TO DOCUMENT REQUEST NOS. 17-20.**   These document requests appear to be directed to plaintiff's employer, DeMatteo Construction Co., and not to Local 108 and address matters about which Local 108 has no documents.

21. A list of union members names, and job locations and (all) contractors worked for or is working for, dates jointed the union, and addresses from 2000 50 2005.

**RESPONSE TO DOCUMENT REQUEST NO. 21.**   Local 108 objects to the part of the request that asks for its membership list on the ground that it is overbroad, seeks highly confidential information, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff advised Local 108's Business Manager Simon James that he wanted the entire membership list because he could not remember the names of some members who worked with him on different projects, and Mr. James told him that he does not have a list of members who have worked on particular projects but that he would be willing to sit down with plaintiff, review the projects about which plaintiff was interested, and attempt to identify those who had worked on them.  Plaintiff declined the offer, but the offer still stands.  As to the rest of the request, as previously stated, Local 108 does not maintain documents reflecting the contractors for which its members work.  Local 108 has some layoff lists that in some instances contain notations concerning a member's employment, and Local 108 will produce copies of those documents.

22. Letters form contractors to Local Union #108 seeking minority help from 2000 to 2005.

**RESPONSE TO DOCUMENT REQUEST NO. 22.** See response to document request no. 16.

23. List of all lawsuits filed against the Union from 2000 to 2005.

**RESPONSE TO DOCUMENT REQUEST NO. 23.** *Waryjasz v. Emerson Contractors, Inc, et al*, Hampshire Superior Court Nos. 03-150, 03-220. This is a personal injury case brought by an individual who was injured in a motor vehicle accident involving a car driven by a Local 108 apprentice. Local 108 was added as a defendant, among numerous other entities, for a period of time but was dismissed out voluntarily by the plaintiff.

24. Number of jobs that contractors have sign up with the Union #108 from 2000 to 2005.

**RESPONSE TO DOCUMENT REQUEST NO. 24.** Local 108 has no documents that could be responsive to this request other than lists of projects in its area of which it has become aware by various means. Local 108 makes this list available to all of its members, and will produce copies of those documents.

25. Number of members the Union has pulled off their jobs from 2000 to 2005.

**RESPONSE TO DOCUMENT REQUEST NO. 25.** Members who fall behind in their dues, whose membership in the Local Union is suspended, and who are employed by contractors with collective bargaining agreements with the Union are subject to termination by their employers in accordance with the terms of those agreements. This happens approximately 5 or 6 times a year, and the members usually pay up their arrearage and are reinstated after notification by phone before being terminated by their employers. Local 108 has no documents concerning these instances.

Date: January 31, 2006          Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440
Facsimile (617) 723-8443

_____
Attorney for defendant Carpenters Local Union No.108