UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL JOHN GIDEON,<br><br>*PLAINTIFF*<br><br>V.<br><br>DEMATTEO CONSTRUCTION COMPANY, AND<br>CARPENTERS LOCAL UNION #108,<br><br>*DEFENDANTS* | Civil Action No.: 04 30162 MAP |

**DEFENDANT DEMATTEO CONSTRUCTION COMPANY'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES AND RESPONSE TO DOCUMENT REQUEST**

NOW COMES Defendant, DeMatteo Construction Company, in the above-captioned matter and respectfully moves this Honorable Court, pursuant to Rule 33 and Rule 34 of the Federal Rules of Civil Procedure, to compel Plaintiff to further answer Defendant's Interrogatories and to further responds to Defendant's Document Request. In support of this motion Defendant states that Plaintiff was served with Defendant's Interrogatories and Request for Documents. For the reasons set forth more fully below Plaintiff's response to Defendant's Interrogatories and Document Requests are incomplete.

**INTERROGATORIES**

Interrogatory No. 17

    Please describe the nature of any and all lawsuits, complaints or administrative proceedings ever brought by you.

Response

    No response provided.

Interrogatory No. 18

> Identify each and every physician, psychiatrist, psychologist, social worker or other health care provider whom you have visited, consulted or received treatment from relative to any physical or emotional condition from January 1, 1992 to the present, including but not limited to treatment received relative to any physical or emotional conditions you allege was caused by the defendant. For each physician or other health care provider identified.

Response

> No response provided.

Interrogatory No. 19

> Describe in complete detail each item of damage for which you intend to seek recovery at trial, including but not limited to amounts and all facts upon which you rely in support of your claim for damages. If you allege that defendant's actions caused you emotional distress or physical harm, state all facts and identify all documents upon which you rely in support of that allegation.

Response

> No response provided.

Interrogatory No. 20

> Identify each and every exhibit you intend to present at trial and the nature of the testimony to be elicited relating to each exhibit.

Response

> No response provided.

Interrogatory No. 23

> Please list the amount of all income, from whatever source, you received from January 1, 2002 to the present. Please identify each source of income, (i.e. name and address of source of income) the amount received from each source, the nature of the relationship with the source of income and the dates of the relationship.

Response

> 1. Unemployment Mass D.E.T.

2. Employment Eastern General Contractors 52/54 Berkshire Avenue, Springfield, MA 01109.

3. Hilltop Construction State Street Springfield, MA 01109

Argument

Plaintiff's response is incomplete in that it fails to set forth the amount of income received from each source, the nature of his relationship with the source of income and the dates of his relationship with each source.

**DOCUMENT REQUESTS**

Request No. 7

All documents relating to any application for employment and/or inquiry as to availability of employment (or employment contract) filed or submitted or executed by you, from January 1, 2002 through the present.

Response

Plaintiff will submit to Defendant as it becomes available to Plaintiff by Defendant Carpenter's Local Union #108. Upon inspection of Automatic Disclosure soon along discovery. Not yet in hand. (will supplement) (Refer to Plaintiff's complaint in defendant's possession or control).

Argument

As of the date of this motion Plaintiff has failed to supplement his response and has failed to produce any documents responsive to this request.

Request No. 8

All documents reflecting the payment and amount of all income (including periods of self-employment) including, but not limited to, wages or salary (indicating rate of pay and annual or year to date earnings), Social Security benefits, public assistance benefits, unemployment compensation benefits, worker's compensation benefits, disability benefits (long or short term) or any other monies received by plaintiff from January 1, 2002 through the present.

Response

Plaintiff will supplement for wages or salary to date of earnings, w.comp benefits, no social security, w-comp, disability received. Refer to 1040 tax forms. 2002-01-02-03. See refer to answer to #9.

Argument

>As of this date Plaintiff has failed to supplement his response and has failed to produce any documents relating to income earned in 2004, 2005 or 2006.

Request No. 9

>All federal and state income tax returns filed by you, or on behalf of complainant for the tax years 2000 through 2004 inclusive, as well as all Forms W-2 and/or 1099 forms for the tax years 2000 through 2004 inclusive. If you have not yet filed a return for calendar year 2003, please supplement this response at the time of filing.

Response

>See attached 2000 Federal Tax-Forms, 01, 02, 03. Will supplement W2's as become available will supplement 04.TX. Forms and W2s.

Argument

>As of this date Plaintiff has failed to supplement his response and has failed to produce any W-2 and/or 1099 forms form 2002 – 2004 and has failed to produce any tax returns for 2004.

Request No. 12

>All documents submitted by you or on your behalf, to any agency or court of law in connection with any charge of discrimination filed or brought by you against DeMatteo Construction and/or any individual, business, corporation, local 108 or any other union or past or present employer, other than the defendant from January 1, 1995 to the present.

Response

>Beyond 2000 is irrelevant and burdensome to the Plaintiff's complaint and will not unless ordered by the court to do so.

Argument

>Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure the scope of relevant discovery is quite broad, providing that parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved . Rule 26(b)(1) further provides that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Documents requested are discoverable pursuant to Rule 26 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, DeMatteo Construction Company requests that this Court issue an order providing that Plaintiff provide further answers to Interrogatory Nos. 17, 18, 19 20 and 23 and further response to Document Request Nos. 7, 8, 9 and 12 on or before March 10, 2006. Defendant, DeMatteo Construction Company further requests that this Court issues sanctions as the court deems just and fair for failing to fully and completely answer such interrogatories and failure to produce such documents including but not limited to payment by Plaintiff of Defendant's expenses, including attorneys' fees, incurred as a result of his failure and/or refusal to respond to interrogatories and request for documents in accordance with Plaintiff's Requests.

                  Respectfully submitted,

                  DEMATTEO CONSTRUCTION COMPANY

                  By its attorney,

                  _____
                  Suzanne B Matthews, Esq.
                  BBO #545284
                  742 Washington Street/ P.O. Box 501
                  Canton, MA 02021

Dated: February 27, 2006            781-828-0989