UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL JOHN GEDEON,         )<br>                              )<br>     Plaintiff,              )<br>                              )    C.A. NO. 04-30162-KPN<br>v.                            )<br>                              )<br>DEMATTEO CONSTRUCTION COMPANY,)<br>and CARPENTERS LOCAL UNION #108, )<br>                              )<br>     Defendants.              )<br>_____) | |

**DEFENDANT LOCAL 108'S MOTION UNDER RULE 37(b)(2)(C)
FOR SANCTIONS DISMISSING THE COMPLAINT**

Defendant Carpenters Local 108 respectfully moves for an order pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) dismissing the complaint as sanctions for plaintiff's failure to comply with this Court's previous discovery Orders. As grounds for its motion, defendant states as follows:

On December 15, 2005 at a case management conference, defendant Local 108 raised the matter of plaintiff's failure to provide responses to Local 108's interrogatories and document requests or produce documents. At the conference, plaintiff claimed that he had drafted responses, but had lost them and had to redraft them. This Court then entered an Order on December 15, 2005 directing plaintiff to serve his responses to written discovery by January 31, 2006. Plaintiff failed to do so, and Local 108 then filed a motion under Rule 37 for sanctions for failure to comply with an order directing plaintiff to provide discovery responses, and asked the

Court to dismiss the complaint. The Court declined to do so at that time, but issued an Order on February 27, 2006 directing plaintiff to serve his responses by March 15, 2006. To date, however, defendant has received no written responses whatever to its discovery requests and it has received no documents whatever.

Local 108 has attempted to be very accommodating of plaintiff by consenting to plaintiff's several requests for extensions of time to respond, and the Court itself has been accommodating as well by giving him multiple opportunities to comply with his discovery obligations. But he has now failed to comply with two express orders that he serve his discovery responses. There is no conceivable justification for this failure. Regardless of whatever complaints plaintiff may have about defendants, this is plaintiff's case and there is nothing preventing him from providing information and documents concerning the basis for his claims.

For obvious reasons, Local 108 is grossly prejudiced by plaintiff's failure to provide discovery responses and produce documents. This Court has gone out of its way to give plaintiff every opportunity to comply with his discovery obligations, and he has failed to take advantage of those opportunities. The time has come to put an end to this misconduct.

Rule 37(b)(2)(C) expressly authorizes courts to dismiss a complaint where a plaintiff fails to comply with an order to provide discovery. This Court had the discretion under Rule 37 to dismiss the complaint based on plaintiff's failure to comply with the Court's first discovery Order of December 15, 2005. In giving plaintiff another chance in its second discovery Order of February 27, 2006, the Court expressly warned of sanctions in the event of non-compliance. There is no possible excuse for plaintiff's failure to comply with the Court's second discovery Order of February 27, 2006, and the Court now should dismiss the complaint against Local 108.

## CONCLUSION

For the foregoing reasons, defendant Local 108 respectfully requests that its motion for sanctions under Rule 37(b)(2)(C) dismissing the complaint be granted.

Date:   March 17, 2006                    Respectfully submitted,

                                          Christopher N. Souris
                                          BBO #556343
                                          KRAKOW & SOURIS, LLC
                                          225 Friend Street
                                          Boston, MA 02114
                                          (617) 723-8440
                                          Facsimile:  (617) 723-8443


                                          /s/ Christopher N. Souris_____
                                          Attorney for defendant Carpenters Local
                                          Union No.108


## CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be sent by first class U.S. mail this 17th day of March, 2006 to Michael Gedeon, 1502 Bay Street, Springfield, MA 01108 and Suzanne B. Matthews, Esq., 742 Washington Street, P.O. Box 501, Canton, MA 02021.

                                          /s/ Christopher N. Souris_____
                                          Christopher N. Souris