UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL JOHN GEDEON,<br><br>    Plaintiff,<br><br>v.<br><br>DEMATTEO CONSTRUCTION COMPANY,<br>and CARPENTERS LOCAL UNION #108,<br><br>    Defendants. | )<br>)<br>)<br>)  C.A. NO. 04-30162-KPN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT CARPENTERS LOCAL 108'S
OPPOSITION TO PLAINTIFF'S MOTION TO
CONTINUE FINAL PRETRIAL AND KEEP DISCOVERY OPEN**

Plaintiff has moved to continue the final pretrial conference, purportedly to enable him to conduct depositions. Moreover, he asserts that he is unemployed now and cannot afford to take them now but expects to be able to do so at some point in the future. This motion should be denied summarily.

The fundamental problem with plaintiff's motion is that the deadline for completing discovery ended long ago on November 30, 2005. Although plaintiff had been employed at that time, as Exhibit B to his motion confirms, he served on the day before discovery was to be completed only interrogatories and document requests. He did not notice any depositions. The various deadlines this Court established on and after the December 15, 2005 case management conference were for the completion of discrete tasks, primarily his, and were not for the general extension of discovery.

While plaintiff claims that he needs additional discovery based on defendants' responses to his written discovery, the fact remains that he belatedly served even that discovery. While he had 9 months during which to serve written discovery and take depositions, he waited until the

very day before discovery was to be completed just to serve his written discovery. Even though he served it late, this Court permitted him to do so. The Court and the parties have been very accommodating of plaintiff's pro se status throughout this case.

Under these circumstances, there is no justification whatever for him to ask for additional time to do what he should have done during the period designated by this Court for discovery (while he was employed). Plaintiff's motion is particularly outrageous in view of the fact that, in violation of two separate orders of this Court, he *still* has failed to serve any responses to Local 108's written discovery about the basis of his own claims, and he *still* has failed to produce any documents whatsoever, including documents listed on his own automatic discovery!

## CONCLUSION

For the foregoing reasons, plaintiff's motion to continue the final pretrial conference and to authorize him to take additional discovery should be denied.

Date:   March 20, 2006

Respectfully submitted,

Christopher N. Souris
BBO #556343
KRAKOW & SOURIS, LLC
225 Friend Street
Boston, MA 02114
(617) 723-8440      Facsimile: (617) 723-8443

_____
Attorney for defendant Carpenters Local Union No.108

## CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be sent by first class U.S. mail this 20th day of March, 2006 to Michael Gedeon, 1502 Bay Street, Springfield, MA 01108 and Suzanne B. Matthews, Esq., 742 Washington Street, P.O. Box 501, Canton, MA 02021.

_____
Christopher N. Souris

2