**The Commonwealth of Massachusetts**
**Commission Against Discrimination**
436 Dwight Street, Rm. 220 , Springfield, MA 01103
**Phone:  (413) 739-2145 Fax:**

Exhibit D

4/28/2004

DeMatteo Construction Company
131 Messina Drive
Braintree, MA 02184

RE: Michael J. Gideon  vs. DeMatteo Construction
Company, Carpenter's Local Union, Local # 108
MCAD Docket Number:  04SEM01103
EEOC/HUD Number: 16CA401481

Dear Respondent Party:

Please be advised that the Massachusetts Commission Against Discrimination (MCAD) has received the above referenced complaint of discrimination which alleges that you have committed an act of discrimination. A copy of that complaint is enclosed.

State law requires the Commission to impartially review the allegations in that complaint. The Commission has assigned one of its staff, Karen Dome, to investigate the complaint. This MCAD investigator will keep the parties informed of developments arising from that investigation.

State law requires that you submit a formal written answer to the complaint in the form of an affirmed Position Statement. This written answer should be submitted to MCAD Investigator within twenty-one (21) days of receipt of this notification. In addition, the Position Statement **must be notarized**. A copy must also be forwarded to the Complainant at the address listed on the enclosed complaint.

Please note that you must include in the Position Statement one of the following statements:

I am (or Respondent is) represented by an attorney in this matter.
            -OR-
I am (or Respondent is) not represented by an attorney in this matter.

Failure to submit an accurate statement may result in adverse action being taken against you as the Respondent. Please note that if your representational situation changes, you must notify the Commission immediately.

It is our policy to determine whether the parties are willing to consider a rapid, informal and voluntary resolution of this dispute. The Commission encourages such resolutions as an alternative to the often lengthy and expensive litigation process. To discuss the possibility of settlement, please contact the Investigator named below.

If you have any questions pertaining to the Investigation, please contact Karen Dome at (413) 739-2145 x 106.

Sincerely,

Karen Dome
Investigator

MCAD Docket Number 04SEM01103, Serve Respondent – Without Investigative Conference

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

DeMatteo Construction Company

131 Messina Drive
Braintree, MA 02184

Carpenter's Local Union, Local # 108

29 Oakland Street
Springfield, MA 01108

Person Filing Charge:     Michael J. Gideon
This Person (Check One):  (✓) Claims to be aggrieved
                          ( ) Is filing on behalf of
Date of Alleged Violation: 01/28/04
Place of Alleged Violation: Braintree,
EEOC Charge Number:       16CA401481
MCAD Docket Number:       04SEM01103

---

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS (See Attached Information Sheet For Additional Information)

You are hereby notified that a charge of employment discrimination under
    [ ] Title VII of the Civil Rights Act of 1964
    [✓] The Age Discrimination in Employment Act of 1967 (ADEA)
    [ ] The Americans Disabilities Act (ADA)
Has been received by
[ ]  The EEOC and sent for initial processing to   MCAD
                               (FEP Agency)
[✓]  The Mass. Commission Against Discrimination
     (FEP) Agency and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon the expiration of any deferral requirements if this is a Title VII or ADA Charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

[X]  As a party to the charge, you may request that EEOC review the final decision and order of the above named Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission. Regardless of whether the Agency or the Commission processes the charge, the Recordkeeping and Non-Retaliation provisions of Title VII and the ADEA as explained on the second page of this form apply.

For further correspondence on this matter, please use the charge number(s) shown.

[ ]  An Equal Pay Act Investigation (29 U.S.C 206(d) will be conducted by the Commission concurrently with the Agency's investigation of the charge.
[X]  Enclosure: Copy of the Charge

---

Basis of Discrimination
( ) Race        ( ) Color        ( ) Sex        ( ) Religion        ( ) National Origin

---

EEOC Charge Number 16CA401481, EEOC Transmittal Letter to Respondent

( ) Age          ( ) Disability        ( ) Retaliation       ( ) Other

Circumstances of alleged violation:
SEE ENCLOSED COPY OF THE CHARGE OF DISCRIMINATION (or EEOC FORM 5)

| Date | Type Name/Title of Authorized EEOC Official | Signature |
|------|---------------------------------------------|-----------|
| 4/27/2004 | Robert L. Sanders, Director | |

EEOC Charge Number 16CA401481, EEOC Transmittal Letter to Respondent

# Commonwealth of Massachusetts
# Commission Against Discrimination

04-23-01103
16CA401481

### MCAD DOCKET NO:

RECEIVED

APR 27 2004

COMMISSION AGAINST
DISCRIMINATION/SPRINGFIELD

Michael John Gideon,

**COMPLAINANT**

v.

**COMPLAINT**

DeMatteo Construction Company, and
Carpenter's Local Union, Local #108,

**RESPONDENTS**

## COMPLAINT

1. Complainant Michael John Gideon (hereinafter "Complainant") age 50, is an African-American male who resides at 1502 Bay Street, Springfield, Hampden County, Massachusetts.

2. Respondent M. DeMatteo Construction Company (hereinafter "Respondent DeMatteo) is a company that is located at 131 Messina Drive, Braintree, Massachusetts.

3. Respondent Carpenter's Local Union, Local #108 (hereinafter "Respondent Carpenter's Union") is a company that is located at 29 Oakland Street, Springfield, Hampden County, Massachusetts.

4. This is an action to vindicate violations of the Complainant's civil rights and to redress the unlawful and discriminatory conduct and employment practices of the Respondents. This action arises out of the illegal and wrongful discharge of Complainant on or about December 5, 2003. Complainant alleges that he was terminated from his employment based, in whole or in part, upon his race (African-American), age (50), and national origin (West Indian) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq., and the Civil Rights Act of 1866, as amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. Section 1981.

5. This is an employment discrimination complaint alleging a continuing series of discriminatory conduct against Complainant because of his upon his race (Black), age (50), and national origin (West Indian) and because of his having complained about unlawful discrimination and participated in formal proceedings to protest such unlawful discrimination.

6. Complainant seeks a declaration that the acts of the Respondents intentionally and unlawfully discriminated against him because of his upon his race (Black), age (50), and national origin (West Indian) and in retaliation for opposing such discrimination practices.

7. Complainant sought employment with Respondent DeMatteo since March 2002.

8. Complainant was one of the first individuals to list his name for employment with Respondent

DeMatteo to work at its East Columbus Ave job site.

9.   On or about April 21, 2003, Complainant was hired by Respondent DeMatteo, as a minority carpenter.

10.   On or about June 27, 2003, Complainant as laid off by Respondent DeMatteo.

11.   On or about July 21, 2003, Complainant was rehired by Respondent DeMatteo

12.   On or about September 12, 2003, Complainant was again laid off by Respondent DeMatteo.

13.   On or about October 14, 2003, Complainant as rehired by Respondent DeMatteo.

14.   As a result of the Respondent DeMatteo's unlawful and discriminatory conduct and employment practices and violations of Complainant's rights protected by federal and state law, Complainant was laidoff/discharged from his employment on or about December 5, 2003

15.   Complainant received a letter dated January 28, 2004 from his employer stating that Complainant was being laid off due to lack of work.

16.   Complainant asserts that the January 28, 2004 letter is a pretext for Respondents unlawful discriminatory and retaliatory reasons to lay Complainant off.

17.   Complainant engaged in protected activity under M.G.L. Chapter 151B, and Title VII of the Civil Rights Act of 1964, as amended, by filing a charge of discrimination with the MCAD and a complaint with this Commission that alleged discrimination on the basis of race upon his race (Black), age (50), and national origin (West Indian) against Respondents.

18.   Since filing a complaint, Complaint have been subjected to the following adverse actions:

   I.   When Complainant was laid off, another white employee was laid off at the same time. However, on or about April 13,2 004, it was brought to Complainant's attention that this same white employee, Pat Valvee, was rehired and is working 7-12 hour day shifts.

   II.   During Complainant's employment with Respondent DeMatteo, he has been continuously harassed by Respondent DeMatteo's management and employees; and by Respondent Carpenter's Union Steward because of the his upon his race (Black), age (50), and national origin (West Indian).

   III.   Complainant alleges that Respondent Carpenter's Union conspired with Respondent DeMatteo to retaliate against him for filing prior discriminatory claims against. Complainant and has been the subject of strong verbal and physical aggression by Respondents.

   IV.   Complainant was falsely instructed by Respondent Carpenter's Union to pay his union dues one year in advance which is against Respondent Carpenter's Union rules/by laws.

   V.   Complainant was falsely informed that Respondent DeMatteo would recall Complainant back to work in April 2004. To date Complainant has not been recalled to work.

   VI.   On or about December 5, 2003, Complainant placed his name on Respondent Carpenter's Union layoff availability sheet. On or about February 26, 2004 Respondent Carpenter's Union told Complainant that it did not know that Complainant was available for work and that Complainant's name was not on the list of available workers.

   VII.   Complainant was the subject of "horse play" by Respondent DeMatteo's foreman causing Complainant to fall into a three to four inch trench on the job site. When Complainant reported the incident to Respondent DeMatteo's foreman and Respondent Carpenter's Union's steward, the response was as if the incident was a funny story.

Complainant wishes to have this charge filed with EEOC.

Dated: March 20, 2004

Respectfully submitted,

Michael J. Gedeon,

Michael J. Gedeon

On this 20 day of April, 2004, personally appeared before me Michael J. Gedeon, who proved to me through satisfactory evidence of identification, to wit, Massachusetts Drivers License, to be the signer of the foregoing document, and who swore or affirmed to me that the contents of said document are truthful and accurate to the best of his knowledge and belief.

[SEAL]

Tammy Sharif, Esq.

Notary Public

My Commission expires: December 31, 2010

TAMMY SHARIF, Notary Public
Commonwealth of Massachusetts
My Commission Expires Dec. 31, 2010