UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL JOHN GEDEON,

      PLAINTIFF

V.                                         Civil Action No.: 04 30162 KPN

DEMATTEO CONSTRUCTION
COMPANY, AND
CARPENTERS LOCAL UNION #108,

      DEFENDANTS

**DEFENDANT DEMATTEO CONSTRUCTION COMPANY'S
MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Defendant, DeMatteo Construction Company (hereinafter referred to as "DeMatteo Construction"), hereby requests that this Court issue summary judgment in its favor as to all claims set forth by Plaintiff, Michael John Gedeon (hereinafter referred to as "Gedeon"). For the reasons set forth more fully below, DeMatteo Construction states that there is no genuine issue of material fact and that DeMatteo Construction is entitled to judgment as a matter of law.

**II.   STATEMENT OF CASE**

On April 27, 2004, Plaintiff, Michael Gideon, a West Indian, African - American male, age fifty (50), filed a complaint with the Massachusetts Commission Against Discrimination alleging that Defendant, DeMatteo Construction Company subjected him to unequal terms and

1

conditions of his employment by subjecting him to harassment and subsequently terminating him in retaliation for opposing discriminatory practices because of his race, color, age and national origin, in violation of M.G.L. c. 151B, the Age Discrimination in Employment Act and Title VII of the 1964 Civil Rights Act as amended. On August 20, 2004, Plaintiff filed a notice of withdrawal of his claim at the MCAD. On December 14, 2004, Plaintiff filed a complaint in the United States District Court for the Western District of Massachusetts. A final pre-trial conference is scheduled for May 8, 2006.

### III.  FACTS

DeMatteo Construction, a general contracting firm based in Braintree, MA was awarded a contract by the Massachusetts Highway Department (MHD) to construct certain revisions to the on-ramps and off-ramps to I-91 in the area of Broad Street to State Street in Springfield, MA. ("Springfield Project"). (Statement of Facts par. 1). The date of Contract Award was April 10, 2002, and the Notice to Proceed date was May 24, 2002. (Statement of Facts par. 2). At all times material hereto, Richard E. Masucci ("Masucci") has been employed by DeMatteo Construction as the Project Manager of the Springfield Project. (Statement of Facts par. 3). As Project Manager Masucci is responsible for all hiring decisions. (Statement of Facts par. 4). As Project Manager, Masucci is identified to employees as the site contact person for all complaints of discrimination and harassment. (Statement of Facts par. 5).

### A. HIRING PRACTICES

The contract with MHD requires that DeMatteo Construction provide on-the-job training aimed at developing six (6) full journeymen in the type of trade or job classification involved. (Statement of Facts par. 6). Training and upgrading of minorities and women toward journeyman status is a primary objective of the Training Special Program. (Statement of Facts

2

par. 7). The contract with MHD with DeMatteo Construction for the Springfield project provides for the application of a minority employee percentage goal of not less than 10% per trade and a female percentage goal of 6.9%. (Statement of Facts par. 8). On June 7, 2004, DeMatteo Construction was notified by MHD that it had failed to achieve compliance with the female work hour goal. ( Deficiency Notice)( Statement of Facts par. 9)   DeMatteo Construction was ---to submit a plan detailing how such goal would be met. (Statement of Facts par. 9)

In accordance with the bargaining agreement between DeMatteo Construction and Local 108, DeMatteo Construction is obligated to hire a Shop Steward appointed by the union. (Statement of Facts par. 10). In accordance with this same bargaining agreement, the Shop Steward has no authority relating to the hiring, referral or supervision of employees on the job site. (Statement of Facts par. 11).

DeMatteo Construction moved onto the Springfield Project site in June 2002. (Statement of Facts par. 11). Shortly thereafter, problems with the design of major elements of the work were realized. (Statement of Facts par. 12). The design deficiencies included objections raised by the Springfield Water and Sewer Commission relating to proposed work on East Columbus Avenue. (Statement of Facts par. 12). The redesign of significant elements of the work continued throughout the project. (Statement of Facts par. 12). Despite DeMatteo Construction's effort to advance the project, and after nearly four years of work on the site, at all times material hereto the project was significantly behind schedule. (Statement of Facts par. 12).

As a result of these issues, DeMatteo Construction maintained a significantly smaller workforce on the Springfield Project than anticipated. (Statement of Facts par. 13). The carpenters employed included two long term employees, Adam LaVoie ("LaVoie") and Troy Longacre ("Longacre"), and eight new employees, Steven Carrington ("Carrington"), Patrick

Falvey ("Falvey"), Michael Gedeon ("Gedeon"), Marci Dineen ("Dineen"), Eric Headley ("Headley"), William Johnson ("Johnson"), Patrick Paul ("Paul") and Michael Sullivan ("Michael Sullivan"). (Statement of Facts par. 16). LaVoie worked for the company for fourteen years. (Statement of Facts par. 17). Longacre worked for the company for approximately four years. (Statement of Facts par. 20). Falvey was hired as a carpenter trainee/apprentice on November 12, 2002. (Statement of Facts par. 18). Carrington was appointed by Local 108 as Shop Steward for the Springfield Project on January 21, 2003. (Statement of Facts par. 19). Mr. Gedeon was hired as journeyman carpenter on April 21, 2003. (Statement of Facts par. 21). Mr. Gedeon had no prior work experience with DeMatteo Construction. (Statement of Facts par. 21).

From October 28, 2002 through December 5, 2003, all carpenters were repeatedly hired, laid off and rehired because of lack of work. (Statement of Facts, par. 23). Layoffs between June 27, 2003 – December 5, 2003 were not on the basis of race, national origin or age. (Statement of Facts par. 24). Employees were re-hired on the basis of seniority and contractual obligations with MHD and Local 108. (Statement of Facts par. 26). As work increased in January 2004, DeMatteo re-hired three carpenters: LaVoie, foreman who at the time had been employed by the company of twelve years; Longacre, journeyman who had been employed by the company for approximately four years and Carrington, Shop Steward were re-hired on January 19, 2004. (Statement of Facts par. 27).

On or about January 28, 2004, Gedeon contacted Masucci, Project Manager and informed him that he was in the process of applying for a mortgage and requested that Masucci provide him with a letter indicating his employment history and that he had been laid off as a result of lack of work on the project. (Statement of Facts par. 28). Masucci provided Gedeon with such a

4

letter dated January 28, 2004. (Statement of Facts par. 29).

LaVoie, Longacre and Carrington were again laid off on February 27, 2004 and re-hired and laid off on subsequent times thereafter. (Statement of Facts par. 30). Gedeon was not similarly situated to LaVoie (foreman with fourteen year history with company), Carrington (shop steward) and Longacre (four year employee with the company) in terms of qualifications and other differentiating or mitigating circumstances that distinguish their situations. (Statement of Facts par. 30). Falvey, apprentice journeyman was re-hired on May 17, 2004 and subsequently laid off and re-hired on several occasions. (Statement of Facts par. 31). Gedeon was not similarly situated to Falvey in terms of qualifications and other differentiating or mitigating circumstances that distinguish their situations. (Statement of Facts par. 32). On June 14, 2004, DeMatteo Construction hired a female apprentice carpenter in accordance with the terms of its contract with MHD. (Statement of Facts par. 33). Gedeon was not similarly situated to Ms. Dineen in terms of qualifications and other differentiating or mitigating circumstances that distinguish their situations. (Statement of Facts par. 24). Headley was appointed by Local 108 as Shop Steward for the Springfield Project and was hired as a carpenter on July 14, 2004. (Statement of Facts par. 35). Gedeon was not similarly situated to Headley in terms of qualifications and other differentiating or mitigating circumstances that distinguish their situations. (Statement of Facts par. 36). Johnson was appointed by Local 108 as Shop Steward of the Springfield Project and was hired as a carpenter on April 28, 2005. (Statement of Facts par. 37). Mr. Gedeon was not similarly situated to Johnson in terms of qualifications and other differentiating or mitigating circumstances that distinguish their situations. (Statement of Facts par. 38).

Gedeon was offered continued employment with DeMatteo Construction on November 2, 2005. (Statement of Facts par. 39). Gedeon declined the opportunity to return to work at DeMatteo Construction. (Statement of Facts par. 39). Gedeon informed DeMatteo Construction that he was working elsewhere. (Statement of Facts par. 39). Paul was hired as a journeyman carpenter on November 7, 2005. (Statement of Facts par. 40). Paul was hired to fill the position that Mr. Gedeon was offered on November 2, 2005 but declined to accept. (Statement of Facts par. 40).

In March 2006, Gedeon was again offered the opportunity to return to work at DeMatteo Construction. (Statement of Facts par. 41). Gedeon accepted the offer of employment and returned to work with DeMatteo Construction on March 27, 2006. (Statement of Facts par. 11). Sullivan was hired on April 3, 2006, subsequent to Mr. Gedeon's re-hire.

DeMatteo Construction's decision to rehire any of the carpenters other than Gedeon was not motivated by race, national origin or age. (Statement of Facts par. 43). When faced with a lay off/re-hire decision, it is DeMatteo Construction's policy to lay off similarly situated employees on the basis of their employment history with the company, i.e., last hired, first laid off. (Statement of Facts par. 52). At all times relevant hereto Mr. Gedeon was the last to be hired by DeMatteo Construction. (Statement of Facts par. 53). Consistent with company policy Mr. Gedeon was one of the first to be laid off. (Statement of Facts par. 53). The failure of DeMatteo Construction to re-hire Gedeon between December 5, 2003 – March 27, 2006 was not based on Mr. Gedeon's race, national origin or age. (Statement of Facts par. 54). The failure of DeMatteo Construction to re-hire Mr. Gedeon between December 5, 2003 – March 27, 2006 was based on legitimate hiring practices and not in retaliation for Mr. Gedeon filing a claim with

EEOC against Local 108. (Statement of Facts par. 55). Gedeon did not seek employment from DeMatteo Construction since April 2004. (Statement of Facts par. 56).

### B. HARASSMENT

During all times relevant hereto, April 21, 2003 – December 5, 2003, Gedeon, LaVoie, Longacre, Carrington, Falvey and Masucci were working at the Springfield project. (Statement of Facts par. 58). Gedeon alleges that at some point after the business agent appeared at the work site in or about June 2003, Gedeon noticed a change in attitude by some of the workers, particularly his foreman, LaVoie and the job steward, Carrington. (Statement of Facts par. 59). Specifically, Gedeon alleges that the alleged adverse treatment of him by DeMatteo Construction was the result of the business agent James coming on the job in early summer 2003 and allegedly speaking to the Carrington. (Statement of Facts par. 45). Gedeon did not hear any of the conversation between James and Carrington. (Statement of Facts par. 46). Gedeon did not see James speaking to anyone else on this day. (Statement of Facts par. 47). Gedeon is unaware of the nature and substance of the conversation between James and Carrington. (Statement of Facts par. 48). Gedeon alleges that James came to the job site a second time. (Statement of Facts par. 49). Gedeon did not recall the date and did not see James speaking to anyone on that day. (Statement of Facts par. 49).

### IV. PLAINTIFF'S ALLEGATIONS

Gedeon alleges that during the course of his employment with DeMatteo Construction he has been subject to a continuing series of discriminatory conduct because of his race, age, and national origin. Gedeon further alleges that DeMatteo Construction laid him off due to retaliation of filing a claim of discrimination with the EEOC. (Statement of Facts par. 14) Mr. Gedeon further alleges that employees of DeMatteo Construction harassed him in retaliation of his

having complained about unlawful discrimination and because he has allegedly participated in formal proceedings to protest such unlawful discrimination. (Statement of Facts, par. 14).

## V ARGUMENT

A. <u>Standards of Law</u>

Summary Judgment is appropriate where the moving party has shown, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. <u>Fed.R.Civ.P.</u> 56 (c). A fact is material if it "might affect the outcome of the suit under the governing law". <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 2 48, 106 S.Ct. 2505 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." <u>Id</u>. Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. <u>Celotex v. Cartrett</u>, 447 U.S. 317, 324, 106 S.Ct. 2548 (1986). The non-moving party must demonstrate that "every essential element of its claim or defense is at least trial worthy." <u>Price v. General Motors Corp.</u>, 931 F.2d 162, 164 (1st Cir. 1991). A dispute is genuine if it "may reasonably be resolved in favor of either party." <u>Cadle Co. v. Hayes</u>, 116 F.3d 957, 960 (1st Cir. 1997). Facts are "material" if they possess "the capacity to sway the outcome of litigation under the applicable law." <u>Id.</u> The facts in genuine dispute must be significantly probative in order for summary judgment to be denied; "conclusory allegations, improbable inferences, and unsupported speculation will not suffice". <u>Id.</u>

In considering a motion for Summary Judgment, the court must view the entire record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. <u>O'Connor v. Steeves</u>, 994 F. 2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material

fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Id.

### B. Mr. Gedeon Failed to Meet His Burden of Proof of Discrimination on the Basis of Race, National Origin and Age

Plaintiff's claims under 42 U.S.C. § 2000e and Mass. Gen. Laws c. 151B are governed by the burden-shifting framework delineated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-805 (1973). Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 141 (2000) (Federal courts have consistently applied the McDonnell Douglas burden shifting analysis to claims of discrimination including race, national origin and age). Under the first phase of the McDonnell Douglas analysis, the plaintiff bears the burden of establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. For claims of race, national origin or age discrimination under 42 U.S.C. 2000e and M.G.L. c. 151B, a plaintiff must demonstrate that (1) he is within a protected class; (2) he applied for and was qualified for the position that the employer was seeking to fill; (3) despite his qualifications he was rejected; and (4) after his rejection, the position was filled by a person of plaintiff's qualifications, not within the protected class. *See* Koseris v. Rhode Island, 331 F.3d 207, 212-13 (1st Cir. 2003), Abramian v. President & Fellows of Harvard College, 432 Mass 107, 116 (2000). Moreover, a "*prima facie* case requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." O'Connor v. Consol. Coin Caterers Corp. 517 U.S. 308, 312, 116 S.Ct. 1307, 1310 (1996), Summers v. Harvard University, 397 F.Supp.2d 166 (D.Mass. 2005). For the reasons detailed herein, Gedeon cannot meet his burden of establishing a *prima facie* case with respect to his claims of discrimination because of race, national origin or age.

In reference to Mr. Gedeon's claim of discrimination it is undisputed that he is (1) a member of a protected class (African-American, of West Indian origin and over forty); (2) doing his job acceptably; and that he was (3) laid off and/or not rehired at all times material hereto. He was <u>not</u>, however, replaced with a similarly situated individual. In order to show that employees are similarly situated for the purposes of measuring disparate treatment, complainant must show the employees are 'reasonably comparable' and that their situations are 'sufficiently similar'. <u>Trustees of Health and Hospitals of the City of Boston v. The Massachusetts Commission Against Discrimination, et al.</u>, 17 Mass.L.Rptr. 323 (Feb. 19, 2004), quoting, <u>Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13, 19 (1st Cir. 1989). Plaintiff must identify others similarly situated to him in all respects that were treated differently by defendant. <u>Conward v. Cambridge Sch. Comm.</u>, 171F.3d 12, 20 (1st Cir. 1999). "[T]he comparitors that a plaintiff provides 'need not be perfect replicas,' but they must bear a reasonably close resemblance with respect to the pertinent facts and circumstances." <u>Washington v. Milton Bradley Co.</u>, 340 F.Supp. 2d 69 (D.Mass. 2004), *quoting*, <u>Conward</u>, 171 F.3d at 20.

The position for which Mr. Gedeon claims he was denied employment was not filled with a person of plaintiff's qualifications. (Statement of Facts pars. 17, 30 – 39). LaVoie was a foreman who worked with DeMatteo Construction for fourteen years. (Statement of Facts par. 17). In accordance with the MHD contract, Falvey was hired as a carpenter journeyman trainee on November 12, 2002. (Statement of Facts par. 31). In accordance with the bargaining agreement between DeMatteo Construction and Local 108, Carrington was appointed by Local 108 as Shop Steward on January 21, 2003. (Statement of Facts par. 17). Mr. Longacre has worked for DeMatteo Construction since 1999. (Statement of Facts par. 21). Gedeon was hired

10

as a journeyman on April 21, 2003. (Statement of Facts par. 22). Gedeon had no prior work experience with DeMatteo Construction. (Statement of Facts par. 22). In accordance with the MHD contract and its Deficiency Notice issued to DeMatteo Construction, Ms. Dineen, a female was hired as an apprentice carpenter on June 14, 2004. (Statement of Facts par. 9 and 34). In accordance with the union bargaining agreement, Headley was appointed by Local 108 as Shop Steward and was hired as a carpenter on July 14, 2004. (Statement of Facts par. 36). Again, in accordance with the union bargaining agreement, Johnson was appointed by Local 108 as Shop Steward and was hired as a carpenter on April 28, 2005. (Statement of Facts par. 38). Gedeon was offered continued employment with DeMatteo Construction on November 2, 2005. (Statement of Facts par. 40). Gedeon declined the opportunity to return to work at DeMatteo Construction. (Statement of Facts par. 40). On or about November 2, 2005, Gedeon informed DeMatteo Construction that he had found other employment. (Statement of Facts par. 40). On November 7, 2005, DeMatteo Construction hired Paul as a journeyman carpenter driver to fill the position declined by Mr. Gedeon. (Statement of Facts par. 41). In March 2006, Gedeon was again offered the opportunity to return to work at DeMatteo Construction. (Statement of Facts par. 42). Gedeon accepted the offer of employment and returned to work with DeMatteo Construction on March 27, 2006. (Statement of Facts par. 42). Sullivan was hired by DeMatteo Construction as a journeyman carpenter on April 3, 2006. (Statement of Facts par. 43).

Gedeon was not similarly situated to LaVoie, Carrington, Longacre, Falvey, Headley, Johnson, nor Ms. Dineen in terms of performance, qualifications, and conduct without such differentiating or mitigating circumstances that would distinguish their situations. *See* Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 129 (1997). Likewise, Gedeon was not similarly situated to Messrs. Paul and Sullivan. Paul was hired to fill a position which Gedeon

11

was offered but declined acceptance. Sullivan was hired after Gedeon returned to work with DeMatteo Construction. Mr. Gedeon has failed to establish *prima facie* case that he was denied employment on the basis of race, national origin or age.

Assuming arguendo, that any of other carpenters could be considered similarly situated, and a *prima facie* claim of discrimination is established, the burden then shifts to the defendant to articulate a legitimate non-discriminatory reason why plaintiff suffered the adverse employment action. McDonnell Douglas, 411 U.S. at 802. To counter this presumption, DeMatteo Construction must "articulate some legitimate, nondiscriminatory reason" for its action. Id. Defendant must allege reasons for its action which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action. Thomas v. Eastman Kodak, 183 F.3d 38 (1st Cir. 1999).

DeMatteo Construction has met its burden of production by contending that its layoff decision was based solely on neutral grounds, i.e., seniority and contractual obligations with the Massachusetts Highway Department and Local 108). *See* Thomas Id. DeMatteo Construction's decision to rehire any of the carpenters rather than Mr. Gedeon was not motivated by race, national origin or age. (Statement of Facts par. 44). When faced with a lay off decision, it is DeMatteo Construction's policy to lay off employees on the basis of their employment history with the company, i.e., last hired, first laid off. (Statement of Facts par. 53). In the case at issue, at all times relevant hereto it is undisputed that Mr. Gedeon was the last to be hired by DeMatteo Construction. (Statement of Facts par. 54). Consistent with company policy, Mr. Gedeon was the first to be laid off. (Statement of Facts par. 54). DeMatteo has set forth a legitimate non discriminatory reasons for its actions.

Once the defendant has satisfied its burden of production, the presumption of discrimination afforded by the prima facie showing drops out, leaving the plaintiff with the burden of proffering evidence to establish that defendant's non-discriminatory justification is mere pretext. McDonnell Douglas, 411 U.S. at 804. "[T]he burden on plaintiff at this point in the McDonnell Douglas analysis is heavy." Dow v. Donovan, 150 F.Supp.2d 249, 264 (D.Mass.2001). Plaintiff cannot simply deny the credibility of defendant's explanation, but must submit enough concrete evidence to support a reasonable juror's finding that he was indeed the victim of intentional discrimination. McDonnell Douglas, 411 U.S. at 804-05.

In his Complaint, Mr. Gedeon alleges that the letter dated January 28, 2003 provided to Gedeon by Masucci is evidence of a pretext for DeMatteo Construction's unlawful discriminatory and retaliatory conduct. This allegation is not only ludicrous but is an unequivocal misstatement of the facts. The letter merely states that based upon the facts then considered DeMatteo Construction intended to rehire Mr. Gedeon. (Statement of Facts par. 28). What is not specifically stated, but reasonably inferred from the letter, is that the alleged rehire would occur in the normal course of business practices, i.e, when a re-hire was to occur. This letter is certainly not an indication that the "real reason" for the employer's actions was discriminatory.

More importantly, Mr. Gedeon does not allege that he was not rehired between December 5, 2005 – March 27, 2005 because of race, national origin or age. In fact, at his deposition Mr. Gedeon testified that all carpenters were repeatedly hired, laid off and rehired because of lack of work. (Statement of Facts, par. 25). Mr. Gedeon testified that layoffs between June 27, 2003 – December 5, 2003 were not on the basis of race, national origin or age. (Statement of Facts par.

24).

In consideration of the entire record in the light most favorable to Gedeon, it is clear that no genuine issue of material fact exists and that DeMatteo Construction is entitled to judgment as a matter of law. Summary Judgment is appropriate as to all claims by Gedeon that DeMatteo Construction laid off Gedeon and subsequently failed to rehire him because of his race, national origin or age.

### C. Mr. Gedeon Failed to Establish a Prima Facie Case of Harassment Based on Race, National Origin or Age

Mr. Gedeon alleges harassment by both co-workers and by his supervisor. To prevail on a harassment claim, Mr. Gedeon must show that: (1) he was a member of a protected class; (2) he was subjected to uninvited harassment; (3) the offending conduct was because of his race, national origin or age; (4) the harassment was sufficiently severe or pervasive to affect the terms and conditions of employment; (5) the offending conduct was both objectively and subjectively offensive; and (6) there was a basis for employer liability. Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 189 (1st. Cir.2003), Noviello v. City of Boston, 398 F.3d 76 (1st Cir. Mass. 2005). The harassment must be "objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher v. Boca Raton, 524 U.S. 775, 787, 118 S.Ct. 2275 (1998).

During all times relevant hereto, April 21, 2003 – December 5, 2003, Gedeon, LaVoie, Longacre, Carrington, Falvey and Masucci were working at the Springfield project. (Statement of Facts par. 58). Gedeon alleges that at some point after the business agent appeared at the work site in or about June 2003, Gedeon noticed a change in attitude by some of the workers, particularly his foreman, LaVoie and the job steward, Carrington. (Statement of Facts par. 59)

When questioned about incidents of harassment, Gedeon testified that all offensive conduct toward him by a representative of DeMatteo Construction was the result of the fact that it had become known to them that he had a claim against the union. (Statement of Facts par. 73) None of the alleged harassing conduct by Carrington was based on race, national origin, or age. (Statement of Facts par. 74). Gedeon failed to allege sufficient facts to support a claim that LaVoie's conduct toward him was based on race, national origin or age. (Statement of Facts par. 75). Gedeon failed to disclose sufficient facts to support a claim that Longacre's or Falvey's conduct toward him was based on race, national origin or age. (Statement of Facts par. 76). All alleged adverse or offensive conduct toward Mr. Gedeon by any representative of DeMatteo Construction was based on the fact that DeMatteo Construction allegedly had knowledge that Gedeon had filed an EEOC claim against Local 108. (Statement of Facts pars. 76 and 77). Gedeon has failed to establish a *prima facie* case of harassment based on race, national origin or age.

In consideration of the entire record in the light most favorable to Gedeon, it is clear that no genuine issue of material fact exists, that DeMatteo Construction is entitled to judgment as a matter of law, summary judgment is appropriate as to all claims by Gedeon that DeMatteo Construction was harassed on the job site because of his race, national origin, or age.

D. Mr. Gedeon Has Failed to Establish a Prima Facie Case of Retaliation

Both Title VII and chapter 151B contain provisions that make it unlawful for employers to retaliate against persons who complain about unlawfully discriminatory employment practices. See, 42 U.S.C. § 2000e-3(a) and M.G.L. c. 151B, § 4(4). Under either statute, a plaintiff must show that (1) he undertook protected conduct, (2) that he suffered an adverse